ficient to sustain their conclusion that he was. Murphy v. Orr, 96 N. Y. 14; Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415, 2 Am. St. Rep. 440; Birkett v. Knickerbocker Ice Co., 110 N. Y. 504, 18 N. E. 108.

The main argument as to the existence of contributory negligence on the part of the plaintiff is predicated upon the assumption that he did not look in either direction on reaching the crosswalk and before attempting to cross it. It is true that the plaintiff does not testify that he looked in either direction; but it was established upon the trial by competent evidence that the injury sustained by him was such as seriously impaired his memory, and that at the time of the trial he was unable to remember things that had happened but a short time before his attention was called to them. He was unable to tell which side of the street or in which direction he was going, and the jury might properly attribute his inability to remember and detail the matters connected with the accident to the injury he had received.

The duty imposed upon a pedestrian, at the crossing of a street by the tracks of a railroad, to look both ways, does not, as matter of law, attach to such person when about to cross from one side to another of a city street. The degree of caution he must exercise will be affected by the situation and surrounding circumstances. Moebus v. Herrmann, supra. It thus becomes a question of fact for determination by the jury. Had he looked, it would not necessarily have occurred to him to look behind him. The horse that collided with him was on Dey street, and approaching Church street, which he was about to cross, from his rear. He was entirely out of the line of travel of the rig before its direction was changed, and such direction was not changed until after he had reached the center of the street. There is nothing in the circumstances shown that made it incumbent upon the plaintiff, as matter of law, to assume that the direction in which the horse driven by the defendant's employé was traveling would be changed when it reached the intersection of Church street, or that it devolved upon him to exercise special diligence in avoiding a collision with it.

The judgment must be affirmed, with costs. All concur.

---

### In re WATER SUPPLY IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    March 6, 1908.)

EMINENT DOMAIN—PLEADINGS—AMENDMENT.

    Greater New York Charter, Laws 1901, p. 227, c. 466, § 506, relating to condemnation of real estate by the city for a water supply, provides that the Supreme Court of the judicial district in which the real estate is located shall have power at any time to amend any defect or informality in any of the special proceedings authorized by the act as may be necessary, or to cause other property to be included therein, etc. *Held* that, where a condemnation proceeding by the city of New York to acquire land for a water supply had proceeded to a point where the trial had closed, the case had been summed up, and counsel had submitted briefs, the court had power to grant a motion to include an additional strip of land;

It appearing that. the maps required in an original proceeding had been approved by the proper authorities in due form.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 523.]

Appeal from Special Term.

· Condemnation proceedings by the city of New York to acquire title to certain lands for a water supply. From an order amending the proceedings, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Truman H. Baldwin, for appellants.

Edward H. Wilson (James D. Bell, on the brief), for respondent.

WOODWARD, J. This is a condemnation proceeding. It had proceeded to a point where the trial had closed, the case had been summed up, and counsel had submitted briefs, when a motion was made to include a strip of land. lying in the county of Nassau; such motion being made under the provisions of section 506 of the Greater New York charter (Laws 1901, p. 227, c. 466). This section provides that the Supreme Court of the judicial district in which the real estate is located shall have the power "at any time to amend any defect or informality in any of the special proceedings authorized by this act as may be necessary, or to cause other property to be included therein, and to direct such further notices to be given to any party in interest, as it deems proper," etc. Upon the original application this motion was granted; the court overruling objections urged by the defendants. Subsequently, on an order to show cause, the court permitted a reargument and denied the motion, on the ground that, the proceeding being for the condemnation of a continuation of the strip originally taken, it should be shown that the maps required in an original proceeding had been approved by the proper authorities in due form. The city of New York then secured a second reargument, upon affidavits showing that all of the conditions suggested by the court had in fact been complied with, and upon this further showin the order appealed from was made and entered.

The learned court, in disposing of these several matters, wrote memorandums, and these, taken together, set forth the real situation and justify the action taken. It does not seem to be necessary to go into a review of the questions raised. They have been examined, and we find no reason for overruling the discretion as exercised by the court below.

The order appealed from should be affirmed, with costs. All concur.

---

PETZE v. MORSE DRY DOCK & REPAIR CO.

(Supreme Court, Appellate Division, Second Department. March 6, 1908.)

MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—INCOMPLETE CONTRACT.

Plaintiff and defendant made "memoranda of points of agreement to be made between" them, stating that plaintiff was to be employed as chief clerk for a certain time, at a certain sum per annum, "and five per cent.